LEMMON Judge.
Plaintiff has appealed from a judgment maintaining defendant’s exception of no cause of action in this action of nullity.
Plaintiff’s petition for nullity alleges that the trial of the original case involving the same parties ended on July 26, 1965. However, the trial judge whom had heard the case on the merits resigned from office prior to rendering a judgment. Counsel for both parties thereafter stipulated that the original trial judge “may advise a district judge of the Twenty-Fourth Judicial District Court as to his findings in connection with this matter and that thereafter, a judge of the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson may render such judgment as is fit and proper in the matter.”
The undated stipulation was placed in the record of the case on February 7, 1972.
On the same date the successor judge rendered judgment, referring to the stipulation between the parties and stating that the original judge “found for the *843 plaintiff [1] herein and assigned written reasons which are attached hereto and has written his approval of this judgment, known to the court.” The undated reasons for judgment were signed by the original judge.
Plaintiff thereafter appealed from that judgment and also filed this separate action to annul the judgment.
The grounds for an action of nullity provided by C.C.P. art. 2001 through 2006 are exclusive. Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir. 1971), cert. denied 260 La. 403, 256 So.2d 289 (1972).
In the present suit plaintiff seeks to annul the judgment solely on the grounds that it was rendered by a court which did not have jurisdiction over the subject matter of the suit. C.C.P. art. 2002. His argument on lack of that jurisdiction is twofold.
I
Plaintiff contends that R.S. 13:4209 provides the proper procedure to be followed in this situation. That statute reads as follows :
“In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo.”
The petition alleges (and for present purposes we must accept the allegation as correct) that the record in the original case does not contain either written testimony or a statement of facts. Observing that the wording of the statute is mandatory, plaintiff argues that at the time of the rendition of the judgment sought to be annulled, the original judge no longer possessed the jurisdiction to judge any case which he had heard as a district judge and that the successor judge could only render a valid judgment by following the statute. He therefore asserts that the case must be tried de novo.
 This argument addresses itself to the merits of the appeal which has been taken from the judgment sought to be annulled. The only ground alleged in this action for nullity is lack of jurisdiction over the subject matter.[2] R.S. 13:4209 clearly provides that the court retains jurisdiction over the subject matter when the district judge resigns and further provides the method by which the successor exercises that jurisdiction. The successor judge in the Twenty-Fourth Judicial District (and not the original judge) rendered the judgment sought to be annulled. Although the successor judge did not follow the procedure outlined in R.S. 13:4209, the correctness of rendering a judgment pursuant to the stipulation is an issue which does *844 not involve jurisdiction over the subject matter.[3]
We therefore conclude that plaintiff’s petition for nullity has not stated a cause of action in this regard.
II
Plaintiff next contends that under C.C.P. art. 561 the original action was abandoned when the parties failed to take any steps in its prosecution or defense in the trial court for five years. Since this article is operative without formal order, plaintiff argues that after the passage of five years from the time the original judge resigned, the action was effectively abandoned and the stipulation could not serve to reinstate jurisdiction over the subject matter, which according to C.C.P. art. 2003 cannot be conferred by consent.
 When the parties fail to take any steps in the prosecution or defense of an action for a period of five years, the passage of time does not serve to divest the court of jurisdiction over the subject matter. The court retains jurisdiction; only the right of the parties to further prosecute or defend the action is lost. Therefore, even if plaintiff’s argument is correct that the failure to take any steps while a case is under advisement for five years constitutes abandonment (which we specifically decline to rule upon at this time), the district court possessed the jurisdiction over the subject matter necessary to render the judgment sought to be annulled. Again, plaintiff’s argument addresses itself to his appeal from that judgment.
The judgment is affirmed.
Affirmed.

. William A. Smith, defendant in the nullity action, was the plaintiff in the original suit.

. C.C.P. art. 2, which defines jurisdiction over subject matter, reads :
“Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.”

. We note that a judge, as well as a litigant or a third party, could perform an act which constitutes ill practice under C.C.P. art. 2004. However, the stipulation apparently removes from consideration this ground for nullity, inasmuch as the act of rendering judgment pursuant to the stipulation may be an incorrect practice but is not an ill practice.