728 So.2d 479 (1998)
Meranda VARNADO
v.
GENTILLY MEDICAL CLINIC FOR WOMEN.
No. 98-CA-0264.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1998.
*480 Nicolas Estiverne, Nicolas Estiverne & Associates, New Orleans, for Plaintiff/Appellant.
Andrew A. Lemeshewsky, Jr., New Orleans, for Defendants/Appellees.
Before KLEES, ARMSTRONG, PLOTKIN, WALTZER and McKAY, JJ.
McKAY, Judge.
In this case we are called upon to decide whether the trial court erred when it found that this action had been abandoned under La. C.C.P. art. 561 and dismissed it. We conclude that the trial court did not err and affirm its judgment.
On March 17, 1989, Meranda Varnado, underwent an abortion performed by Dr. Ifeanyi Okpalobi at the Gentilly Medical Clinic for Women. Ms. Varnado alleges that part of the baby was left inside of her womb and that this necessitated that she undergo several subsequent surgeries. Ms. Varnado filed a complaint under the Louisiana Medical Malpractice Act against the doctor and the clinic. The Patient Compensation Fund informed her that the doctor qualified under the act but the clinic did not. Ms. Varnado then filed suit against the clinic on March 26, 1990. An action was brought against the doctor under the Louisiana Medical Malpractice Act. However, the Medical Review Panel was never constituted and the Patient Compensation Fund dismissed the case against the doctor in August of 1993. The only motion of any kind filed with the court before November 21, 1995, was defendant's motion to withdraw as counsel of record and substitute counsel which was signed by the trial court on October 31, 1991.
On November 21, 1995, plaintiff filed a preliminary default against the clinic because the clinic had never filed an answer to the original petition which had been filed on March 26, 1990. On April 3, 1996, plaintiff supplemented the original petition and added the doctor as a defendant. The doctor filed no answer and a preliminary default was taken against he and the clinic. This default was later confirmed. After the time for applying for a new trial and filing an appeal had expired, plaintiff filed a Writ of Fieri Facias which was granted by the trial court and the sheriff seized the doctor's house to satisfy the judgment. The defendants then filed a motion to dismiss the case based on the theory that it was abandoned under Louisiana Code of Civil Procedure Article 561. The trial court granted this motion and plaintiff brought this appeal.
The issue in this case is whether this suit has been abandoned under Louisiana Code of Civil Procedure article 561. The applicable version of that article reads as follows: "An action is abandoned when the parties fail to take any step in its prosecution or defense for a period of five years, unless it is a succession proceeding." La. C.C.P. art. 561. "Any step in its prosecution or defense" has been held to mean a formal move or action before the trial court intended to hasten judgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). In the instant case the suit against the clinic was filed on March 26, 1990, and a preliminary default was taken more than five and a half years later on November 21, 1995. During that time period, the only thing filed by either party was defendant's motion to withdraw as counsel of record and substitute counsel of record. Motions to withdraw or enroll as counsel or to substitute counsel are not formal steps before court in prosecution of a suit, for purposes of determining whether suit has been abandoned; such motions *481 grant to counsel the right to take steps, or to prepare to take steps, toward prosecution or defense of a case, but do not hasten matter to judgment. Willey v. Roberts, 664 So.2d 1371 (La.App. 1st Cir.1995), writ denied, 669 So.2d 422 (La.1996). Therefore, it is clear that plaintiffs action against the clinic is abandoned because no steps were taken in either its prosecution or defense for a period of more than five years.
Plaintiff contends that even if her action against the clinic has been abandoned that her action against the doctor has not because it is a "new" suit. The problem with this is that she is attempting to bring the doctor into a suit that has already been abandoned. In the suit she is attempting to amend, more than five years elapsed with no action taking place before the trial court. This is not a "new" suit as plaintiff contends but simply an attempt to amend a suit that had been filed more than six years before. Louisiana Code of Civil Procedure article 1153 makes it clear that when an action asserted in the amended petition arises out of the same conduct, transaction, or occurrence set forth in the original petition, the amendment relates back to the date of the filing of the original pleading. Plaintiffs amended petition cannot be viewed as a "new" suit when by its very nature it supplements the original petition of the abandoned suit. The fact that plaintiff had previously brought an action against the doctor under Louisiana Medical Malpractice Act has no bearing on whether the lawsuit has been abandoned because the doctor was not even named as a defendant in the suit until 1996. (It must be noted that this action was also dismissed for lack of activity.) There was nothing but an abandoned action for the supplemental and amending petition to relate back to. To find that plaintiffs action against the doctor had not been abandoned would clearly violate the very purpose behind article 561, which is to insure that attorneys diligently represent their clients' interests and not allow actions to remain dormant. Such a finding would reward ineptitude and lack of due diligence. It would also be moving in the opposite direction from which the legislature recently took when it reduced the time it took for an action to be abandoned from five to three years.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J. concurs with written reasons.
PLOTKIN, J., concurring.
Although I agree with the majority decision dismissing Ms. Varnado's suit against Dr. Okpalobi as abandoned pursuant to La. C.C.P. art. 561, I write separately because my analysis of the issues presented by the case differs from that expressed by the majority.
The critical dates effecting Ms. Varnado's claim against Dr. Okpalobi are as follows:
March 17, 1989Act of alleged medical malpractice
March 7, 1990Filing of request for review by Medical Review Panel with Louisiana Commissioner of Insurance
March 12, 1990Determination that Dr. Okpalobi qualified under the Medical Malpractice Act, while Gentilly Medical Clinic for Women did not qualify
March 26, 1990Filing of suit against Gentilly Medical Clinic for Women
October 31, 1991Filing of motion to withdraw as counsel of record by defendants' attorney
October 19, 1993Decision dismissing medical review panel against Dr. Okpalobi
November 21, 1995Motion for preliminary default against Gentilly Medical Clinic for Women
April 3, 1996Filing of suit against Dr. Okpalobi by supplemental and amending petition
September 5, 1997Granting of writ of fieri facias against Dr. Opkalobi pursuant to default judgment
November 21, 1997Suit dismissed as abandoned
Abandonment of actions in Louisiana is governed by La. C.C.P. art. 561, which, at *482 the time this suit was filed, provided, in pertinent part, as follows:
A. An action is abandoned when the parties fail to step in its prosecution or defense in the trial court for a period of five years....
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Emphasis added.
Under the provisions of the above codal article, an action is automatically abandoned by operation of law whenever five years has passed without any "step" in the prosecution of the action being taken. This court has previously held that the accrual of the abandonment period, in and of itself, divests the parties of the right to further prosecute of defend the action, even if no judgment of dismissal has been entered. See Everett v. Smith, 291 So.2d 841, 844 (La.App 4 Cir.), writ denied, 294 So.2d 827 (La.1974). Because Ms. Varnado's suit against Gentilly Medical Clinic was abandoned by operation of law on March 26, 1995, five years from the date it was filed, the suit technically no longer existed on April 3, 1996, when Ms. Varnado sought to add Dr. Okpalobi as a defendant by supplemental and amending petition.
Despite the fact that I am compelled to concur in the majority decision in this case, I am concerned about the effect of the abandonment rules to this case. Ms. Varnado was prevented by the provisions of the Louisiana Medical Malpractice Act from naming Dr. Okpalobi as a defendant when she filed her original suit on March 26, 1990. Dr. Okpalobi, as a qualified health-care provider under the Act, was entitled under LSA-R.S. 9:2528 to review by a Medical Malpractice Review Panel prior to the filing of the suit. Thus, Ms. Varnado was prevented from seeking legal redress against the only truly negligent party, the doctor, until after the Medical Review Panel's decision.
Then, because the parties were unable to agree on an Attorney Chairman for the Panel, the case was eventually dismissed without review anyway, effective October 19, 1993. At that point, Ms. Varnado had 90 days to file suit under the provisions of LSA-R.S. 40:1299.41. However, Ms. Varnado was not informed that the panel had dismissed the case until December 4, 1993. At that point, Ms. Varnado technically had less than two months to file her suit against Dr. Okpalobi to avoid a prescriptive bar.
However, Ms. Varnado had a valid, existing suit against the clinic pending before the trial court. She knew that she had a right under La. C.C.P. art. 1153 to amend her petition and add Dr. Okpalobi to that suit at anytime because her allegations against the clinic and her allegations against Dr. Okpalobi arose out of the same conduct, transaction, or occurrence. At the same time, Ms. Varnado's attorney and Dr. Okpalobi's attorney were engaged in correspondence concerning Ms. Varnado's claims against Dr. Okpalobi. Given the fact that the correspondence was on-going, as well as the fact that the pending suit existed, I do not believe that Ms. Varnado reasonably delayed the filing of her action.
At the same time, the abandonment period on the underlying case was running. By the time Ms. Varnado realized that she would have to actually file suit in order to recover from Dr. Okpalobi, the abandonment period had expired. However, only approximately two years had passed between the time the Medical Review Panel had dismissed her action and the time the suit was abandoned by operation of law. Ms. Varnado's claims were never actually directed against the clinic; that's why she failed to pursue the suit until after Dr. Okpalobi was added.
Under the laws of this case, I believe it is patently inequitable to find that Ms. Varnado's suit was prescribed. Certainly, this suit does not fall within the policy reasons for the abandonment rules, which have been explained as follows:
The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which *483 results in dismissal of the suit must be certain; hence any step taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence.
Chevron Oil Co. v. Traigle, 436 So.2d 530, 536 (La.1983), quoting Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La. 1975). Unquestionably, Ms. Varnado's actions indicate that she did not file the suit against Dr. Okpalobi "for purposes of harassment or without a serious intent to hasten the claim to judgment." In fact, she sought (and obtained) a default judgment as soon as possible when Dr. Okpalobi did not answer the supplemental and amending petition. She even went so far as to file a writ of fieri facias against Dr. Okpalobi pursuant to the default judgment. Those actions prove her intent to "seriously pursue" her cause of action against Dr. Okpalobi. Thus, the dismissal of Ms. Varnado's suit against Dr. Okpalobi as abandoned does not serve the public policy underlying the abandonment articles.
Nevertheless, the black letter of the law does not require dismissal in this case. Moreover, a review of the record also reveals that Ms. Varnado did not take every step she might have taken to protect her rights. First, she certainly could have filed the suit against Dr. Okpalobi before the abandonment period had accrued, despite the fact that her attorney and Dr. Okpalobi's attorney were engaged in correspondence for much of that period. Second, Ms. Varnado failed to alleged solidary liability between Dr. Okpalobi and the clinic, which would at least have indicated a relationship between the two defendants. Under the circumstances, the majority decision is correct. Thus, I concur.