# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-1179

VIRGINIA JOHNSON

VERSUS

CALCASIEU PARISH SHERIFF'S DEPARTMENT, ET AL.

### CONSOLIDATED WITH

### 06-1180

LONNIE KEMP

VERSUS

CALCASIEU PARISH SHERIFF'S DEPARTMENT, ET AL.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2001-4193 & 2001-4881
HONORABLE ARTHUR J. PLANCHARD, PRO TEMPORE JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**AFFIRMED.**

John F. Lavern
Attorney at Law
1111 Ryan Street
Lake Charles, LA 70602
(337) 433-1116
COUNSEL FOR PLAINTIFF/APPELLEE:
    Virginia Johnson

**Stephen C. Dwight**
**Dwight Law Firm**
**1400 Ryan Street**
**Lake Charles, LA 70601**
**(337) 439-3138**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Calcasieu Parish Sheriff's Department, et al.**

**Robert C. McCall**
**Baggett, McCall, Burgess, Watson & Gaughan**
**3006 Country Club Road**
**Lake Charles, LA 70606**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lonnie Kemp**

PETERS, J.

Beth Lundy, the former sheriff of Calcasieu Parish, appeals the trial court's judgment setting aside its prior judgment dismissing the plaintiffs' suits against her in two consolidated cases. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

Virginia Johnson and Lonnie Kemp brought suit in separate actions against Beth Lundy in her capacity as sheriff of Calcasieu Parish, seeking a $100,000.00 judgment against the sheriff. The $100,000.00 at issue represents the amount of a reward offered by Ms. Lundy's predecessor in office, Wayne F. McElveen,[1] for information leading to the arrest and conviction of the person or persons responsible for a triple homicide that occurred in Calcasieu Parish on July 6, 1997. Former Sheriff McElveen posted the reward notice on July 1, 1998. The notice set forth the names of the three victims and the place and date of the homicides and contained the instructions on how to provide information and make a claim for the $100,000.00 cash reward.

Thereafter, the State of Louisiana charged Thomas F. Cisco with the three murders. After a nine-day trial that began on October 9, 2000, a jury convicted Cisco of three counts of first degree murder. Ms. Johnson filed suit on August 17, 2001, asserting that she had provided information leading to the arrest and conviction of Cisco and that she was entitled to the reward. Lonnie Kemp filed a similar suit seeking the same relief on September 27, 2001. In both suits, the plaintiffs asserted that they had complied with all the requirements and conditions of the reward offer.

[1]Sheriff McElveen left office in 2000. Sheriff Lundy became sheriff in July 2000. She, in turn, was replaced in July 2004 by the current Sheriff Tony Mancuso.

After issue was joined in both suits, they were consolidated by a judgment signed on April 18, 2002. Notice of this judgment of consolidation was mailed to the parties on April 30, 2002. The plaintiffs took no further steps in the prosecution of their claims, and the litigation remained dormant until January 24, 2006, when Sheriff Lundy filed a motion to dismiss the actions pursuant to La.Code Civ.P. art. 561, asserting that the actions had been abandoned. In response to that motion, the trial court issued a formal order of dismissal on January 25, 2006, dismissing both actions. Thereafter, the plaintiffs filed motions to set aside the order of dismissal. After a hearing, the trial court granted the plaintiffs' motions. It is this action of the trial court that Sheriff Lundy appeals.

**OPINION**

Louisiana Code of Civil Procedure Article 561(A)(1) provides in pertinent part that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." The party seeking dismissal on the basis of abandonment may file an ex parte motion "by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action." La.Code Civ.P. art. 561(A)(2). In that event, "the trial court *shall* enter a formal order of dismissal as of the date of its abandonment." *Id.* (emphasis added).[2] Thereafter, the party against whom the ex parte judgment has been rendered may, "within thirty days of the date of the sheriff's service of the order of dismissal," file a motion to set aside the dismissal order. La.Code Civ.P. art. 561(A)(3).[3]

---

[2]It is undisputed that Sheriff Lundy's dismissal motion complied with this provision.

[3]It is also undisputed that the plaintiffs timely complied with this provision.

2

Whether the plaintiffs' suits were abandoned is a question of law. *Olavarrieta v. St. Pierre*, 04-1566 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, *writ denied,* 05-1557 (La. 12/16/05), 917 So.2d 1118. Thus, when an appellate court reviews a question of law the standard of review is simply whether the lower court's interpretive decision is correct. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231.

It is not disputed by the plaintiffs that they took no steps toward the prosecution of their claims after their suits were consolidated on April 18, 2002. Thus, more than three years had lapsed since the last step in the prosecution of their claims when Sheriff Lundy filed her motion to dismiss. However, the plaintiffs assert that they were prevented from pursuing their claims because Cisco's conviction had been reversed by the Louisiana Supreme Court.[4] In making this argument, the plaintiffs point to the language of the reward notice itself which provided that "[i]n order to receive payment for the reward, the person or persons responsible for the crime must be *convicted* of the crimes, unless the Sheriff makes a finding, in his sole discretion, of impossibility of conviction due to the death or incapacity of such person or persons." (Emphasis added.) The trial court agreed, and we find no legal error in that judgment.

Abandonment of an action is a species of liberative prescription. *Melancon v. Cont'l Cas. Co.*, 307 So.2d 308 (La.1975). Given the prescriptive nature of the action, our jurisprudence has long recognized that, where the cause of the failure to pursue a claim is due to matters beyond a plaintiff's control, the prescriptive period does not run. *Barton v. Burbank*, 138 La. 997, 71 So. 134 (1916); *Bell v. Staring*, 170

---

[4]In *State v. Cisco*, 01-2732 (La. 12/3/03), 861 So.2d 118, the supreme court reversed Cisco's conviction and remanded the matter to the trial court for a new trial.

So. 502 (La.App. 1 Cir. 1936). In that regard, our courts have specifically found that the doctrine of contra non valentem applies when failure to prosecute is caused by circumstances beyond the plaintiff's control. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779.

When the plaintiffs filed their individual suits, Cisco had been convicted, but his conviction was not final. Because Cisco's conviction was overturned by the supreme court, his retrial is in the sole discretion of the Calcasieu Parish District Attorney. La.Code Crim.P. art. 61. Thus, the plaintiffs' failure to prosecute their action to completion is caused by circumstances beyond their control.

Sheriff Lundy argues on appeal that the doctrine of contra non valentem as an exception to the interruption of the abandonment period is limited to only two circumstances—a plaintiff's service in the United States Military or his confinement to a mental institution. While we note that in *Pounds v. Yancy*, 224 So.2d 1 (La.App. 1 Cir.), *writ denied*, 254 La. 810, 227 So.2d 145 (1969), these two circumstances were listed as examples of exceptions, we do not find that they are exclusive. In fact, policy considerations require that La.Code Civ.P. art. 561 be liberally construed in favor of maintaining a plaintiff's suit. *Clark*, 785 So.2d 779. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. *Id.* The presumption of abandonment that arises under La.Code Civ.P. art. 561 as a result of three years of litigation inactivity is not conclusive. *Id.* Dismissal being the harshest of remedies, the general rule is that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Id.*

4

Sheriff Lundy next argues that the plaintiffs could and should have protected their rights by obtaining a stay order. This argument is equally without merit. As noted in *Faust v. Greater Lakeside Corp.,* 03-808 (La.App. 4 Cir. 11/26/03), 861 So.2d 716, *writ denied,* 04-424 (La. 4/2/04), 869 So.2d 887, it would have been a useless gesture for the plaintiffs to have obtained a stay of proceedings and left it in place as an explanation for their failure to take action in the cases, when the actual reason thwarting their ability to take action was a matter well understood by all parties to be entirely beyond the plaintiffs' control.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects and tax all costs of this appeal to Beth Lundy, sheriff of Calcasieu Parish, Louisiana, in the amount of $482.20 as required by La.R.S. 13:5112.

**AFFIRMED.**