NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-110

MARCUS MONTGOMERY, ET AL.

VERSUS

BA VAN TA, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20031774
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

Kent Anthony Smith
Attorney at Law
2009 Comet Street
New Orleans, LA 70131
(504) 669-8109
Counsel for Plaintiffs/Appellants:
    Marcus Montgomery
    Cody Montgomery
    Jareth Montgomery

**Churita H. Hansell**
**Attorney at Law**
**2009 Comet Street**
**New Orleans, LA 70131**
**(504) 669-8109**
**Counsel for Plaintiffs/Appellants:**
      **Marcus Montgomery**
      **Cody Montgomery**
      **Jareth Montgomery**

**Jennifer E. Michel**
**Catherine M. Landry**
**Preis & Roy**
**P.O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
      **Ba Van Ta**
      **The Miss Kim Anh**

**DECUIR, Judge.**

The plaintiffs appeal a judgment of the trial court dismissing their personal injury suit on the grounds of abandonment. For the reasons that follow, we affirm.

## FACTS

On April 6, 2002, Marcus Montgomery, his son, Cody, and his brother, Jareth, were allegedly injured while jumping onto the dock from Montgomery's fishing vessel as it was struck and overturned by the Miss Kim Anh, a shrimping vessel owned by Ba Van Ta. Prior to filing suit, the plaintiffs settled their property damage claims after negotiations with Catherine Landry, counsel for the defendant.

On April 7, 2003, plaintiffs filed suit against the defendant. Service of process was attempted at the offices of Catherine Landry and at the offices of Shuman Consulting Services, an agency investigating the accident on behalf of the defendant. Both of these parties declined service on the grounds that they were not the appropriate agent for service of process. To date, service has not been effected. Prior to defendant's motion to dismiss for abandonment, no party had taken any steps in the prosecution or defense of this action. On April 12, 2006, the defendant filed a motion to dismiss on the grounds of abandonment. The motion was granted by the trial court. Plaintiffs lodged this appeal.

## DISCUSSION

Plaintiffs contend on appeal that the trial court abused its discretion in granting the defendant's motion to dismiss for abandonment. We disagree.

This court recently discussed the issue of abandonment in *Johnson v. Calcasieu Parish Sheriff's Department.*, 06-1179 (La.App. 3 Cir. 2/7/07), 951 So.2d 496, ___ (footnotes omitted) and noted:

> Louisiana Code of Civil Procedure Article 561(A)(1) provides in pertinent part that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." The party seeking dismissal on the basis of abandonment

may file an ex parte motion "by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action." La.Code Civ.P. art. 561(A)(2). In that event, "the trial court *shall* enter a formal order of dismissal as of the date of its abandonment." *Id.* (emphasis added). Thereafter, the party against whom the ex parte judgment has been rendered may, "within thirty days of the date of the sheriff's service of the order of dismissal," file a motion to set aside the dismissal order. La.Code Civ.P. art. 561(A)(3).

Whether the plaintiffs' suits were abandoned is a question of law. *Olavarrieta v. St. Pierre*, 04-1566 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, *writ denied*, 05-1557 (La. 12/16/05), 917 So.2d 1118. Thus, when an appellate court reviews a question of law the standard of review is simply whether the lower court's interpretive decision is correct. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231.

In attempting to avoid dismissal, counsel for the plaintiffs argued that service of process was not made because the defendant had not designated a representative for service, and the attorney and investigating agency being utilized by the defendant refused service. The trial court properly found that, until enrolled as attorney of record, service on the attorney was not proper and the plaintiffs' remedy was to have a curator appointed for service of process if they were unable to locate the defendant. La.Code Civ.P. art. 5091.

Plaintiffs next argued that the case should not be dismissed because of the provisions of La.R.S. 9:5821 *et seq.* suspending and extending certain legal deadlines in the wake of Hurricanes Katrina and Rita. The trial court properly found these statutes inapplicable because on their face they apply only to time periods which would have lapsed during the period from August 26, 2005 to January 3, 2006. La.R.S. 9:5822. The time period for abandonment in this case did not accrue until April 7, 2006.

Finally, counsel for plaintiffs argue that the case should not be dismissed because her office was damaged during the hurricanes destroying many files, and she was evacuated to Houston for three months. The trial court correctly found that the

2

case had not been pursued for nearly two and one-half years prior to the storms. Moreover, no evidence was introduced suggesting that the plaintiffs were prevented by circumstances beyond their control from proceeding or from seeking other counsel in her absence. Inaction by a plaintiff's attorney is not an exception to the rule of abandonment. *Pecot v. Calcasieu-Cameron Hosp. Serv. Dist.,* 03-1102 (La.App. 3 Cir. 2/18/04), 867 So.2d 56, *writ denied*, 04-0719 (La. 5/7/04), 872 So.2d 1085.

Having reviewed the record and applicable law, we find no error in the trial court's decision to grant the motion for dismissal on the grounds of abandonment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to plaintiffs-appellants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3