STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CHESTER WRIGHT

VERSUS

3P DELIVERY, LLC

**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 104848
HONORABLE RICHARD E. STARLING  JR., CITY COURT JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Karleen J. Green
Phelps, Dunbar LLP
P. O. Box 4412
Baton Rouge, LA 70821-4412
Counsel for Defendant/Appellant:
        3P Delivery, LLC

Thomas D. Davenport, Jr.
The Davenport Firm, APLC
1628 Metro Drive
Alexandria, LA 71301
Counsel for Plaintiff/Appellee:
        Chester Wright

**PICKETT, Judge.**

The defendant, 3P Delivery, LLC, appeals a judgment of the trial court dismissing their Motion to Compel Arbitration and Stay Litigation. We affirm the judgment of the trial court.

## FACTS

The facts of this case and the actions by the trial court are succinctly stated in the trial court's "Reasons For Ruling:"

> This case arises as the result of a contract entered between the plaintiff, Chester Wright, and the defendant[,] 3P Delivery LLC. The plaintiff was to provide transportation services along with handling, loading and unloading of shipments. The plaintiff has filed suit claiming breach of contract. The defendant has filed a motion to compel arbitration and to stay these proceedings. There is no disputing the contract contained an arbitration clause. The primary issue is whether LSA- R.S. 9:4216 is applicable in excluding this contract from the Louisiana Arbitration Law [LAL]. This statute states that the LAL does not apply to "contracts of employment of labor." While this contract refers to an independent contractor relationship, it begs the question of whether this was an employment of labor. It seems clear that one of the purposes for the exclusion of labor contracts versus managerial or professional contracts is the obvious inequality in bargaining positions and intellectual superiority by the employer. The cornerstone of arbitration would be an equality between the parties to prevent adhesionary provisions. The court finds from the four comers of the contract that the parties intended that Chester Wright engage primarily in labor services comprising of transportation services. This would mean driving, handling, loading and unloading shipments which would comprise solely of labor. The court can only conclude that this contract was intended as a contract of labor employment and is excluded from the Louisiana Arbitration Law. Accordingly, the defendant's motion is denied and dismissed at defendant's cost.

On appeal, the defendant argues two assignments of error. However, the only issue to be decided is whether the contract between the parties was one wherein the plaintiff provided service(s) to the defendant, thus making the arbitration clause valid, or was the contact one wherein the plaintiff provided labor to the defendant, thus exempting the contract from mandatory arbitration.

1

The issue before this court is a question of law. Its is well settled that "when an appellate court reviews a question of law the standard of review is simply whether the lower court's interpretive decision is correct. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231." *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179, p. 3 (La.App. 3 Cir. 2/7/07), 951 So.2d 496, 499. *See also, Moreau v. Avoyelles Parish School Bd.*, 04-1613 (La.App. 3 Cir. 3/9/05), 897 So.2d 875, *writs denied*, 05-910 (La. 6/17/05), 904 So.2d 704, and 05-997 (La. 6/17/05), 904 So.2d 705, citing, *Forum for Equality PAC v. McKeithen*, 04-2477, 04-2523 (La. 1/19/05), 893 So.2d 715.

The defendant relies on the following clause in the contract: "3P DELIVERY and CONTRACTOR [the plaintiff] agree that any controversy or claim arising out of [or] relating to this Agreement (a "Claim") shall be settled through binding arbitration...." and upon La.R.S. 9:4201 which provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The plaintiff argues that the contract at issue is a contract "of employment of labor" and thus is exempt from the LAL under the provisions of La.R.S. 9:4216 which states in pertinent part: "Nothing contained in this Chapter shall apply to contracts of employment of labor. . . ." Hence, the question before the trial court and before us is what was the nature of the contract—was it a contract for services or for labor. Our colleagues of the fifth circuit recounted the law applicable to the

2

interpretation of contracts in *Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co., Inc.*, 03-124, pp. 6-7 (La.App. 5 Cir. 6/19/03), 848 So.2d 765, 769, *writ denied*, 03-2348 (La. 12/12/03), 860 So.2d 1154, quoting, *Fleniken v. Entergy Corp.*, 99-3023, 99-3024, p.14 (La.App. 1 Cir. 2/16/01), 790 So.2d 64, 73, *writs denied* 01-1269 (La. 6/15/01), 793 So.2d 1250,and 01-1295 (La. 6/15/01), 793 So.2d 1252, as follows:

> We are obligated to give legal effect to contracts according to the true intent of the parties. LSA-C.C. art.2045. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art.2046. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art.2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. art. 1848. Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. In cases in which the contract is ambiguous, the agreement shall be construed according to the intent of the parties. Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. LSA-C.C. art.2053. Whether a contract is ambiguous or not is a question of law. Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown.

Although the contract between the parties is entitled "Driver Service Agreement," the terms of the contract belie its true nature, which can be discerned from the wording thereof. The contract calls for the "Contractor" (the plaintiff herein) to "provide pickup and delivery service," to "provide loading and unloading of . . . shipments," and to "handle, load, unload and transport shipments . . . and

3

equipment." Although these activities may provide a "service" to their recipient, all of these activities are accomplished through physical labor.

The LAL does not specifically define what constitutes "labor," however, we find the following except from *Wright v. Round the Corner Restaurants, of Louisiana Inc.*, 252 So.2d 341, 344 (La.App. 4th Cir.1971)(emphasis ours) instructive:

> In the only case involving Louisiana law and interpreting this provision [La.R.S. 9:4216], the court held that a baseball manager who played only occasionally and whose real value to the team lay in his mental skill, his personality and leadership qualities, and his general managerial abilities was not employed as a 'laborer' within the meaning of LSA-R.S. 9:4216 so as to exclude him from the substantive effects of the Louisiana Arbitration Law. *Livingston v. Shreveport-Texas League Baseball Corp.*, 128 F.Supp. 191, W.D.La. (1955). In the course of this opinion Judge Dawkins stated at page 201:
>
> > "In our opinion, however, this exclusion does not apply to the present case. An annotation found at 129 A.L.R. 965, entitled 'Construction and Application of Provisions of general arbitration statutes excluding from their operation contracts for labor or personal services', reads as follows:
> >
> > 'In construing a provision in an arbitration statute that it 'shall not apply to contracts pertaining to labor', it has been held that the word 'labor' does not include the performance of mental tasks, or the services or those recognized generally as professional men or women.
> >
> > 'Then in *Universal Pictures Corporation v. Superior Court*, (1935) 9 Cal.App.2d 490, 50 P.2d 500, the court, in adhering to this rule, held that a contract for the employment of a motion picture actor to perform in the production of a photoplay for a salary of $1000.00 per week came within the Arbitration Statute, since it was not a contract pertaining to labor. The Court said: 'It seems to be generally conceded that individuals whose principal efforts are directed to the accomplishment of some mental task * * * or

4

> those persons generally known or recognized as professional men or women, even though in its broad sense, perform 'labor', are not to be, nor should be, classified as 'laborer', * * *. *In its present connection, the meaning that should be attributed to the word is that it applies to that kind of human energy wherein physical force, or brawn and muscle, however skillfully employed, constitute the principal effort to produce a given result, rather than where the result to be accomplished depends primarily upon the exercise of the mental faculties'.*"

Loading, unloading and handling of shipments and equipment clearly require the application of "physical force, or brawn and muscle." Hence, we find the contract at issue was a contract for labor excluded from binding arbitration under the provisions of La.R.S. 9:4216.

Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant, 3P Delivery, LLC.

**AFFIRMED.**