# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1557

**RICHARD A. ROSIER**

**VERSUS**

**JAVIN BENOIT; WILLIAM O. "BILL" BELT, SHERIFF OF AVOYELLES PARISH; AND THE AVOYELLES PARISH LAW ENFORCEMENT DISTRICT**

\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2002-3754 A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Richard A. Rosier**
**David Wade Correctional Center**
**670 Bell Hill Rd.**
**Homer, LA 71040**
    **Pro Se**

**Rodney M. Rabalais**
**P.O. Box 447**
**Marksville, LA 71351**
**Counsel for Defendants-Appellees:**
**William O. "Bill" Belt, Sheriff of Avoyelles Parish,**
**and the Avoyelles Parish Law Enforcement District**

**PAINTER, Judge.**

Plaintiff, Richard A. Rosier, appeals the trial court's dismissal of his suit for abandonment pursuant to La.Code Civ.P. art. 561. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2002, Plaintiff filed suit against Defendants, William O. Belt, Sheriff of Avoyelles Parish, and the Avoyelles Parish Law Enforcement District (referred to hereafter collectively as the Sheriff), and Javin Benoit, alleging failure to protect him from being beaten while incarcerated. The Sheriff answered the petition on August 26, 2002. Plaintiff moved to have the matter set for trial on February 7, 2003. It was set for trial on July 10, 2003, and on July 7, 2003, the Sheriff moved to have the matter continued without date. On December 1, 2005, Plaintiff moved to set a status conference, and pursuant to the status conference held on December 13, 2005, the matter was set for trial on May 15, 2006. Plaintiff moved to have the matter continued, alleging that items of discovery remained to be completed by both parties and that the matter was not in a posture for trial. The court continued the trial, and the matter was reset for September 14, 2006, pursuant to a telephone status conference. While the record does not contain a motion or order continuing the matter, a motion to reset for trial was filed on January 29, 2007, pursuant to which the matter was reset for a status conference to be held February 14, 2007. On that date, the court reset the matter for trial on May 31, 2007. On May 30, 2007, Plaintiff again moved to continue and for a scheduling conference. The matter was reset for September 13, 2007. The record contains nothing further until Plaintiff, acting pro se, filed a motion to reset on July 17, 2008. In September 2009, Plaintiff's counsel

1

filed a Motion for Entry of Default Judgment alleging that Benoit had never answered the petition. The appellate record does not contain a preliminary default judgment or a confirmation of default. Counsel for Plaintiff filed a Motion to Withdraw as counsel of record on October 6, 2009. The trial court dismissed the matter as abandoned on October 29, 2009. Plaintiff appeals pro se.

**DISCUSSION**

Plaintiff asks that his suit be reinstated. The trial court dismissed the action for abandonment under La.Code Civ.P. Art 561, which states, in pertinent part, that: "A. (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." The Louisiana Supreme Court has explained the requirements of this article as follows:

> Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted).

Further, this court in *Johnson v. Calcasieu Parish Sheriff's Dep't*, 06-1179, p. 4 (La.App. 3 Cir. 2/7/07), 951 So.2d 496, 500, stated that:

> [P]olicy considerations require that La.Code Civ.P. art. 561 be liberally construed in favor of maintaining a plaintiff's suit. *Clark*, 785 So.2d 779. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. *Id.* The presumption of abandonment that arises under La.Code Civ.P. art. 561 as a result of three years of litigation inactivity is not conclusive. *Id.* Dismissal being the harshest of remedies, the

2

general rule is that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Id.*

After reviewing the record herein, we have been unable to find a period of three years in which no step in the prosecution of the case was taken. Although there were numerous trial settings and continuances, we have been unable to find any evidence of record that the continuances were not filed in good faith or any jurisprudence which states that it would be appropriate to dismiss the matter for abandonment if the continuances were filed only for the purpose of delay. Moreover, given that any reasonable doubt must be resolved in favor of maintaining the suit, we find that it was error to dismiss the suit for failure to take a step in its prosecution for a period of three years.

## CONCLUSION

The judgment of the trial court dismissing Plaintiff's action is reversed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the Appellees.

**REVERSED AND REMANDED.**