STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-469


CHRISTOPHER BROWN, ET AL.

VERSUS

SUTHERLAND LUMBER, INCORPORATED, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 195,641
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.


**AFFIRMED.**

**Thomas Overton Wells**
**Attorney at Law**
**1254 Dorchester Drive**
**P. O. Box 13438**
**Alexandria, LA 71315**
**(318) 445-4500**
**Counsel for Defendant/Appellee:**
**Sutherland Lumber, Incorporated**

**Christopher Brown**
**Reg. No. 10980-035 FCC**
**P. O. Box 1034, USP Coleman**
**Coleman, FL 33521**

**SAUNDERS, Judge.**

This is a case involving abandonment by plaintiff who alleged that he was injured while shopping as a patron on defendant's property. Suit was originally filed on April 16, 1999. According to the suit record, the only action taken by either party from March 23, 2006, until May 26, 2009, was a motion for appointment of counsel and a motion to take off calendar filed by plaintiff. Further, plaintiff has not alleged that any discovery has transpired during this time frame.

On September 1, 2009, defendant filed a motion to dismiss for want of prosecution. The trial court issued an order dismissing plaintiff's case on that date. Plaintiff, proceeding *pro se*, filed this appeal, alleging that the trial court erroneously granted the order dismissing his suit. We find no error by the trial court and affirm.

**FACTS AND PROCEDURAL HISTORY:**

Christopher Brown (Brown) and Thomasa Brown filed suit against Sutherland Lumber Incorporated (Sutherland) and XYZ Insurance Company on April 16, 1999. Brown alleged that he was injured by a roll of carpet that fell onto him in a Sutherland store on May 27, 1998. Brown alleged that a store associate was retrieving the carpet for him when it fell.

On June 17, 1999, Sutherland filed an exception of vagueness, a motion to strike, and an answer. The exception and motion were set for hearing on July 19, 1999. The matter was passed on that hearing date. On June 15, 1999, Brown filed a first amending and supplemental petition correcting the objections outlined in the exception and motion. The matter was set for a trial on December 16, 2003. Brown's counsel continued the trial until April 22, 2004. The trial date passed without mention in the record.

On May 28, 2004, Brown, apparently incarcerated in federal prison, filed a *pro*

*se* "Petition for a Writ of Habeas Corpus as Testificandum Transfer of Inmate to State Agents for Production on State Writ." Next, Brown's counsel filed and was granted a motion to withdraw from the suit on January 18, 2005.

On April 14, 2005, Brown filed a "Writ of Habeas Corpus Ad Testificandum Pick Up Order." The trial court found this writ moot as no hearing or trial was then currently set on this matter.

Brown then filed a motion for summary judgment on February 27, 2006, but failed to have this motion served on Sutherland. A hearing date was set for April 3, 2006. A motion for production of plaintiff for hearing on motion for partial summary judgment was filed by Brown on March 13, 2006. The order on this motion was not signed by the trial court. Brown next filed a "Writ of Habeas Corpus ad Testificandum," which was denied. There is nothing in the record as to what transpired on the April 3, 2006 hearing date.

On May 4 and May 31, 2007, Brown filed a motion for appointment of counsel. The trial court denied these motions. On September 27, 2007, and October 19, 2007, Brown filed a motion to take off calendar. The trial court denied the motion and, via written letter, informed Brown that no such motion existed and that he needed to perform some step in the prosecution of his case in order to prevent abandonment.

Next, Brown filed another motion for summary judgment on May 26, 2009. Brown then filed various motions not relevant to this appeal.

On September 1, 2009, Sutherland filed a motion and order to dismiss for want of prosecution arguing that Brown had failed to take a step in prosecution of his case from the three years prior to his May 26, 2009, motion for summary judgment. The order was granted under La.Code Civ.P. art. 561. Brown has appealed the grant of

2

this order, arguing that his case was improperly judged as abandoned by the trial court.

**DISCUSSION OF THE MERITS:**

Brown has asserted various arguments. While his brief fails to delineate any specific assignment of error, the arguments he presents all question the appropriateness of the trial court's judgment dismissing his case due to abandonment. Thus, we will conduct a review of the record to determine whether the trial court erred in this regard.

Louisiana Code of Civil Procedure Article 561(A)(1) states, in pertinent part, that "[a]n action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." Review of whether an action is abandoned is a question of law. *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179, 06-1180 (La.App. 3 Cir. 2/7/07), 951 So.2d 496. The standard of review applicable to a question of law is simply a determination if the lower court's decision is correct. *Id.*

Our supreme court, in *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784 (emphasis and footnotes omitted), stated the following:

> Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

In the case before us, Sutherland submitted an affidavit executed by the clerk

3

of court for Rapides Parish dated August 25, 2009. The affidavit states:

> Pam Sanchez, Deputy Clerk of Court, who, after being duly sworn, did depose and say he/she has examined the suit record in these proceedings and that no steps have been taken for a period in excess of three (3) years in the prosecution or defense of this action, on behalf of Christopher Brown and Thomasa Brown with the last action having been taken in this matter on their behalf was on behalf of Christopher Brown which was a motion for summary judgment filed on February 27, 2006[,] and the next filing in prosecution of this matter was another Motion for Summary Judgment filed on May 26, 2009. The Filings between 2006 and 2009 were as follows:

| | | |
|---|---|---|
| 1. | Request for Writ of Habeas Corpus | March 13, 2006; |
| 2. | Motion to Appoint Counsel | May 31, 2007; |
| 3. | Motion to Take off Calendar | October 1, 2007; |
| 4. | Motion for Summary Judgment | May 26, 2009; |
| 5. | Motion to Continue hearing on Motion | August 7, 2009. |

As is clear from the affidavit, the only action taken by Brown or Sutherland that appear in the record of the suit the three years prior to May 26, 2009, are a motion to appoint counsel and a motion to take off calendar. Louisiana law is consistent in holding that a change of counsel via withdrawal, substitution, or enrollment is not considered a step under La.Code Civ.P. art. 561. *See Chevron Oil Co. v. Traigle*, 436 So.2d 530 (La.1983); *Bertrand v. State ex rel. Dept. of Transp. and Dev.*, 02-1163 (La.App. 3 Cir. 2/5/03), 838 So.2d 136, *writ denied*, 03-634 (La. 5/2/03), 842 So.2d 1105; *Satterthwaite v. Byais*, 05-10 (La.App. 1 Cir. 7/26/06), 943 So.2d 390; *Morgan v. Hopkins*, 36,506 (La.App. 2 Cir. 10/23/02), 830 So.2d 459, *writ denied*, 02-2866 (La.1/31/03), 836 So.2d 71; *Varnado v. Gentilly Med. Clinic for Women*, 98-264 (La.App. 4 Cir. 12/23/98), 728 So.2d 479, *writ denied*, 99-146 (La. 3/19/99), 740 So.2d 113.

Our supreme court, in *Chevron*, 436 So.2d at 532-33, stated that "[s]uch a

motion grants to counsel the right to take 'steps' toward prosecution of his client's case, but does not itself constitute such a 'step.'" While the motion for appointment of counsel is not technically a motion to withdraw, substitute or enroll as counsel, Brown was proceeding *pro se* and, in essence, was requesting that the court appoint him counsel so that counsel could replace him. Therefore, it stands to reason that a motion to have counsel appointed would also not be considered a step in furtherance of bringing a suit to judgment.

Brown's motion to take off calendar, filed October 1, 2007, states that "Brown respectfully asks this Court to take complaint off the Court's calendar, until, Brown can be able to litigate the above style complaint to completion." This request clearly is not a step under Article 561. Rather, it is a request by Brown to stop proceedings.

While this court is sympathetic to Brown's predicament in that he allegedly could not find counsel to represent him, nor could he appear in court, as he was incarcerated, his inability to appear in court did not hinder Brown from taking a step under La.Code Civ.P. art. 561, nor does his incarceration fall within an exception to the abandonment rules. *See Jones v. Phelps*, 95-607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, *writ denied*, 95-2907 (La. 2/2/96), 666 So.2d 1104. Moreover, Brown was graciously warned by the trial court in a letter sent to he and Sutherland's counsel on October 15, 2007, that stated:

> The litigants must continue to take some action to prevent abandonment. The plaintiff here must take some step so that there is never a 3 year period where no action takes place. There are various means of written discovery that can be done and filed periodically to prevent abandonment.

There is no evidence in the record that Brown or Sutherland conducted any discovery nor has Brown alleged that any such discovery has taken place. Therefore,

5

we find no error by the trial court in dismissing Brown's suit against Sutherland due to abandonment under La.Code Civ.P. art. 561. Accordingly, we affirm the trial court's judgment.

**CONCLUSION:**

Brown failed to properly assign any specific error. Given that he was proceeding *pro se*, we conducted a general review of whether the trial court properly found that his case was abandoned. We have found no error in the trial court's judgment. Therefore, we affirm the trial court's judgment dismissing Brown's case. Costs of this appeal are to be paid by Christopher Brown.

**AFFIRMED.**