SAUNDERS, Judge,
dissents.
hi feel that we should reverse the trial court. It is well established that La.Code Civ.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Rosier v. Benoit, 09-1557 (La.App. 3 Cir. 5/5/10), 37 So.3d 1093. Here, I feel that the majority opinion is taking an approach that is too rigid with regard to the DOTD’s discovery responses, and that OHH’s letter can be construed as a “step” under La. Code Civ.P. art. 561.
The purpose behind La.Civ.Code art. 561 is to prevent the lingering of suits for a protracted time so as to vex or harass a defendant, not to dismiss suits whose plaintiffs have no intention of abandoning them based on a mere technicality. La. Dept. of Transp. and Dev. v. Bayou Fleet, Inc., 09-1569 (La.App. 1 Cir. 4/28/10), 37 So.3d 1066, writ granted, 10-1215 (La.7/2/10), 39 So.3d 585, writ denied, 10-1003 (La.7/2/10), 39 So.3d 587. The dismissal the DOTD’s entire action due to its inadvertent failure to serve each and every party with discovery responses is exactly in opposition to the purpose of La.Code Civ.P. art. 561 stated above. Clearly the DOTD did not intend to abandon the suit, nor did it let this suit linger in order to vex or harass any of the defendants.
|2In my view, the discovery responses, alone, should warrant reversing the trial court. However, I also feel that the letter sent by OHH can be construed as “any step in [a suit’s] prosecution or defense.” La.Code Civ.P. art. 561. A “step” is when an action taken by a party is intended to hasten a suit toward judgment. Brown v. Sutherland Lumber, Inc., 10-469 (La.App. 3 Cir. 11/3/2010), 53 So.3d 477. Here, the letter by OHH not only intended to hasten the suit forward, it actually did hasten the suit forward, as DOTD answered the outstanding discovery albeit technically insufficient to interrupt abandonment according to the majority opinion. Affirmation of this case results in a situation where DOTD would likely have been in a stronger position relative to abandonment had it merely ignored OHH’s letter and not answered the discovery. Then, more likely than not, OHH would have filed a motion to compel the answer of that discovery, thus interrupting abandonment.
Moreover, I agree with DOTD’s position that the letter is a “step” due to the mandatory language of Rule 10.1. This letter was a necessary prerequisite for filing a motion to compel that clearly is a “step” *313 under La.Code Civ.P. art. 561. Accordingly, I respectfully dissent.