991 So.2d 8 (2008)
Carmen LAMBERT, Individually and Curatrix of Sherri Gonsoulin; Ryan Lambert, Individually and as Undercurator of Sherri Gonsoulin; Carmen Lambert and Ryan Lambert, Individually, and on behalf of their Minor Children, Kaitlyn Lambert and Kristyn Lambert; and Sherri Gonsoulin, Individually
v.
Deanne M. ROUSSEL, Robert P. Roussel, State Farm Mutual Automobile Insurance Company, George McRay Foster, George M. Foster, ABC Insurance Company, City of Hammond, DEF Insurance Company, Louisiana Department of Transportation and Development, and XYZ Insurance Company.
Nos. 2007 CW 1109R, 2007 CW 1172R.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*9 Steven B. Witman, Valerie Theng Matherne, Metairie, LA, for Plaintiffs-Respondents, Carmen Lambert, et al.
Gus A. Fritchie, III, Chris H. Irwin, New Orleans, LA, for Defendants-Relator, City of Hammond and Coregis Insurance Company.
James D. "Buddy" Caldwell, Attorney General, Joni' Goeggle McKenzie, Assistant Attorney General, Baton Rouge, LA, for Defendant-Relator, State of Louisiana, Department of Transportation and Development.
Before KUHN, GUIDRY, PETTIGREW, DOWNING, and GAIDRY, JJ.
GUIDRY, J.
These writ applications come before us on remand from the Louisiana Supreme Court for a full hearing and consideration of whether the trial court properly denied the relators' separate motions seeking dismissal of the underlying suit on the ground of abandonment.[1]
In March 1998, Sherri Gonsoulin was involved in a car accident in Hammond, Louisiana, and sustained severe and permanent injuries, including a brain injury that adversely impacted her memory and cognitive functioning. Ms. Gonsoulin was *10 declared incompetent and incapable of taking care of her person or administering her estate by a judgment of interdiction signed February 10, 1999. In that same judgment, Carmen Lambert was appointed the curatrix of Ms. Gonsulin, and Patrick Ryan Lambert was appointed undercurator.
Thereafter, on March 3, 1999, a petition was filed by Carmen and Patrick Lambert (hereinafter "plaintiffs") claiming damages individually, on behalf of their minor children, and on behalf of Sherri Gonsoulin, as her curatrix and undercurator, respectively. Named as defendants in the petition were the owner, operator, and insurer of the vehicle in which Ms. Gonsoulin was riding at the time of the accident; the owner and operator of the vehicle that collided with the vehicle in which Ms. Gonsoulin was riding; the City of Hammond and its insurer, Coregis Insurance Company (collectively "the City of Hammond"); and the State of Louisiana through the Department of Transportation and Development (hereinafter "the DOTD").
Various pleadings, motions, and discovery requests were regularly filed in this matter until April 4, 2003. On that date, a "Limited Motion to Dismiss Intervention with Prejudice with Reservation of Rights" was filed by an intervener in the proceedings. Thereafter, no filings or actions were taken to further the prosecution or defense of the claims asserted until November 13, 2006, when the plaintiffs filed a motion for a status conference. The defendants remaining in the suit, the City of Hammond and the DOTD, responded by filing separate motions seeking dismissal of the plaintiffs' claims against them on the grounds of abandonment. The plaintiffs opposed the motion, observing that "at the time of the accident," Article 561 provided for a five-year, rather than a three-year, period of abandonment; that Ms. Gonsulin was an interdict; that the law offices of the plaintiffs' counsel, which were located in Jefferson Parish, were closed until November 2005; that the plaintiffs' hunting and fishing business was located in Empire, Louisiana, an area devastated by Hurricanes Katrina and Rita; and that none of the defendants alleged any prejudice.
No evidence was offered by any of the parties at the contradictory hearing on the motions to dismiss. Nevertheless, at the conclusion of the hearing, the trial court denied the motions, finding that "[b]ased on the situation with the Interdict, the hurricane, though I note that the time frames are not involved in this case, I would allow the case to proceed."[2] Based on our review of the record before us and the law, we find that the trial court erred in concluding that any of the reasons expressed by the plaintiffs in opposing the motions to dismiss supported a legal basis for finding that their lawsuit was not abandoned by operation of law.
Generally, an action is abandoned when the parties fail to take any step in the prosecution or defense of the action for a period of three years. La. C.C.P. art. 561(A)(1). Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and is effective without court order. Clark *11 v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. However, in the aftermath of Hurricanes Katrina and Rita, which "created a statewide emergency disrupting and forcing the closure of certain courts and public offices and further resulting in the displacement of courts, offices, clients, and counsel," several executive orders and legislative acts were passed providing for the suspension and/or extension of various legal deadlines, including those pertaining to abandonment. See Executive Orders KBB 2005-32, 48, and 67 and La. R.S. 9:5821-5825.
Specifically, La. R.S. 9:5823(A) provided that all prescriptive and peremptive deadlines be extended and/or suspended until January 3, 2006, by declaring:
All deadlines in legal proceedings, which were suspended by Executive Orders KBB 2005-32, 48, and 67, shall be subject to a limited suspension and/or extension during the time period of November 25, 2005, through January 3, 2006; however, the suspension and/or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise lapsed during the time period of November 25, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any deadline in legal proceedings which would have expired during the time period of November 25, 2005, through January 3, 2006, shall lapse on January 4, 2006.
The legislature further lengthened the period of the extension and/or suspension for legal proceedings affected by the following conditions specified in La. R.S. 9:5824(B):
(1) Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.
(2) The failure to file the motion authorized in Paragraph (1) of this Subsection shall not preclude a party from using the basis of the motion as a defense to an exception of prescription. [Emphasis added.]
More recently by 2007 La. Acts, No. 361, § 1, effective July 9, 2007, the legislature has amended La. C.C.P. art. 561(A), regarding abandonment, to further provide, in pertinent part:
(2) If a party whose action is declared or claimed to be abandoned proves that *12 the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
The amendment of Article 561 to reduce the period of abandonment from five years to three years occurred in 1997, prior to the date of the accident from which this suit arises; however, the amendment did not go into effect until July 1, 1998, at which time the amendment was to be given retroactive effect to "apply to all pending actions." See 1997 La. Acts, No. 1221, § 1. Because the legislation enacting the amendment provided a reasonable time for those affected by the act to assert their rights, the retroactive application of the amendment to pending actions has been held not to violate the constitutional prohibition against divesting a party of a vested right. Green v. Southern United Fire Insurance Company, 99-1430 (La.App. 1st Cir.6/23/00), 762 So.2d 1156, 1158-1159. Thus, the three-year period of abandonment as provided in Article 561(A)(1) and the amending legislation, 1997 La. Acts, No. 1221, § 1, applies to the plaintiffs' suit, which was filed on March 3, 1999.
The plaintiffs filed a request for a status conference on November 13, 2006. Prior to this filing, the last step taken in furtherance of the prosecution or defense of this action was the filing of a limited motion to dismiss by an intervenor in the suit on April 4, 2003. As the plaintiffs' November 13, 2006 filing occurred more than three years after the April 4, 2003 step had been taken, the plaintiffs' claims against the City of Hammond and the DOTD were abandoned as of April 4, 2006, by operation of law, pursuant to Article 561(A)(1).
Further, no legal basis exists for holding that Ms. Gonsoulin's interdiction should suspend the running of the period of abandonment in this case. In Bouterie v. Crane, 616 So.2d 657 (La.1993), the Louisiana Supreme Court found that equity demanded that prescription be suspended for the period of the plaintiffs minority due to uncertainty "as to who had the responsibility and procedural capacity to represent the unemancipated minor in suit." Yet, in the instant matter, Ms. Gonsoulin was interdicted and curators with the legal capacity to represent and administer the affairs of her estate were appointed prior to the commencement of the suit. See La. C.C.P. art. 684(B) and 4566. Under such conditions, equity does not require that further consideration be given to the circumstance of Ms. Gonsoulin's interdiction.
As for the plaintiffs' assertions that Hurricanes Katrina and Rita hindered them from taking any steps in the prosecution or defense of their suit, the plaintiffs offered no evidence or explanation of how the hurricanes restricted their ability, or the ability of their legal counsel, to pursue their claims. By the plaintiffs' own admission, they acknowledged that their attorney had reopened his law offices in Jefferson Parish three months after the hurricanes had devastated Louisiana.
Additionally, even accepting the plaintiffs' claims that they were prevented from taking any step in furtherance of the prosecution or defense of their suit because of the devastation and disruption caused by Hurricanes Katrina and Rita, the latest *13 extension of the period of abandonment to which the plaintiffs were entitled was until June 1, 2006. See Harris v. Stogner, 07-1451 (La.11/9/07), 967 So.2d 1151, 1152. Hence, the plaintiffs' filing on November 13, 2006, came too late to keep the suit from becoming abandoned by operation of law.
Furthermore, the recent amendment adding Subsection (2) to Article 561(A) is clearly inapplicable to the plaintiffs' suit. The amendment did not go into effect until July 9, 2007. By operation of law, the plaintiffs' suit was already abandoned, at the earliest on April 4, 2006, pursuant to Article 561(A)(1), or at the latest by June 1, 2006, pursuant to La. R.S. 9:5824(B). As such, although the legislature lengthened the duration of the abandonment period to five years, the legislature's modification of the duration of a prescriptive period, either to lengthen it or shorten it, cannot disturb prescriptions already accrued. Only those prescriptive periods that were running could be affected by the change. The legislature is without the authority to revive a prescribed claim. Johnson v. The Roman Catholic Church For The Archdiocese of New Orleans, 02-0429, p. 5 n. 2 (La.App. 1st Cir.2/14/03), 844 So.2d 65, 69 n. 2, writs denied, 03-0730, 03-0778 (La.5/9/03), 843 So.2d 401, 406.
Lastly, Article 561(A)(2) is inapplicable because it clearly provides that the "party whose action is declared or claimed to be abandoned" bears the burden of proving that "the failure to take a step in the prosecution or defense in the trial court... was caused by or was a direct result of Hurricane Katrina or Rita." The plaintiffs' mere allegations of being affected by the hurricanes are insufficient to sustain the burden of proof.

CONCLUSION
Accordingly, to the extent that the plaintiffs took no formal action in underlying suit for the time periods mandated in La. C.C.P. art. 561(A)(1) and La. R.S. 9:5824(B), and further finding that La. C.C.P. art. 561 A(2) cannot be invoked to revive the plaintiffs' claims, we reverse the judgment of the trial court denying the City of Hammond and the DOTD's motions to dismiss on the ground of abandonment and hereby render judgment granting the motions. The plaintiffs are assessed with all costs of these proceedings.
WRITS GRANTED; JUDGMENT OF THE TRIAL COURT REVERSED; AND JUDGMENT RENDERED HEREIN GRANTING RELATORS' MOTIONS AND DISMISSING RESPONDENTS' CLAIMS AGAINST RELATORS AS ABANDONED.
NOTES
[1] The City of Hammond and the DOTD applied to the Louisiana Supreme Court for supervisory and/or remedial writs of this court's decision to deny supervisory writs. The Louisiana Supreme Court granted the applications and remanded the matter to this court for "briefing, argument and opinion" on November 2, 2007.
[2] The record reveals that initially the trial court had granted the City of Hammond and the DOTD's motions to dismiss by ex parte orders signed on December 5, 2006; however, according to the rule to show cause issued by the trial court on December 12, 2006, the parties agreed to have the trial court decide the motions following a contradictory hearing held on March 26, 2007, at which time the trial court decided to deny the motions for the reasons mentioned above.