STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-750

TROY MORGAN

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
ET AL.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, C-2005-0574
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

C. Kerry Anderson
Anderson & Anderson
P.O. Box 1025
DeRidder, LA 70634-1025
(337) 463-2100
Counsel for Plaintiff-Appellant:
    Troy Morgan

George O. Luce, Special Assistant Attorney General
Oats & Hudson
343 Third Street, Suite 550
Baton Rouge, LA 70801
(225) 383-9993
Counsel for Defendant-Appellee:
    State of Louisiana through the Department of
    Public Safety and Corrections, et al.

**PAINTER, Judge.**

Plaintiff, Troy Morgan, appeals the dismissal of suit against Defendants, the State of Louisiana through the Department of Public Safety and Corrections, on the ground of abandonment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2000, Troy Morgan, an inmate at Phelps Correctional Center in DeQuincy, Louisiana, filed suit against the State of Louisiana through the Department of Public Safety and Corrections, Phelps Corrections Center, Warden Jim Rogers, Dr. Clarence Snyder, and Richard Stalder as the Secretary of the Department of Public Safety and Corrections in the Nineteenth Judicial District Court. The suit alleged that he broke his arm in a fall from a stepladder while on work detail on December 7, 1999, and was treated at Moss Regional Hospital but that Defendants failed to provide him with his prescribed pain medication and did not allow him to return to the hospital for necessary treatment. On March 17, 2000, Rogers, Snyder, and Stalder filed an answer and request for written notice. On April 3, 2000, Morgan filed a motion for leave to file an amending and supplemental petition. The order granting leave was signed April 4, 2000, and the amending and supplemental petition was filed. On March 31, 2003, Morgan filed a second amending and supplemental petition requesting that his suit be transferred from the Nineteenth Judicial District Court to the Thirty-Sixth Judicial Court under La.R.S. 15:1181, et seq., the Prison Litigation Reform Act of 1997. On November 10, 2003, Morgan's request for transfer was granted by the Nineteenth Judicial District Court. On December 18, 2003, a judgment issued ordering the clerk of the Nineteenth Judicial Court to transfer the matter to the Thirty-Sixth Judicial District Court. Nothing else appears of record until September 21, 2006, when Morgan sent a letter dated August 12, 2006,

1

to the clerk of the Thirty-Sixth Judicial District Court. This letter indicated that he was attempting to retain new counsel since his previous counsel had informed him that he would no longer be able to represent him. Morgan's letter also attached a letter written July 31, 2006, by Morgan's attorney, indicating that his office had been destroyed by Hurricane Katrina and that because of the resulting financial difficulties, he could no longer represent Morgan. Morgan obtained new counsel, and, on July 17, 2007, his new counsel formally enrolled. On October 16, 2007, his new counsel propounded interrogatories and a request for production of documents to Snyder. On November 13, 2007, Defendants filed an ex parte motion for dismissal on the ground of abandonment. Judgment dismissing Morgan's suit was signed November 13, 2007. Morgan filed a motion to set aside the dismissal on December 20, 2007. Judgment denying that motion was signed April 2, 2008. This appeal followed.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, as follows:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .

> (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. . . .

> . . . .

> (6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.

2

The amendment that provided those portions of Article 561 concerning Hurricanes Katrina and Rita became effective July 9, 2007. The issue in this case is whether this amendment applies to this case. Morgan contends that since Article 561 is procedural in nature, it should be applied retroactively. Defendants contend that the 2007 amendment cannot revive Morgan's claim because it was already abandoned before the legislature acted.

In *Chance v. American Honda Motor Co., Inc.*, 93-2582, pp. 2-3 (La. 4/11/94), 635 So.2d 177, 178 (footnote omitted) (first alteration in original), the supreme court discussed the issue of revival of a prescribed claim by the legislature as follows:

> Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff's claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La.1992) ("Substantive laws either establish new rules, rights, and duties or change existing ones."); *Thomassie v. Savoie*, 581 So.2d 1031, 1034 (La.App. 1st Cir.1991) ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only."). Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in [La.Civ.Code] article 6, we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an "extreme exercise of legislative power."

It is important to note that the abandonment provision is self-executing such that it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. La.Code Civ.P. art. 561; *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. Furthermore, abandonment is a species of prescription. *Johnson v. Calcasieu Parish*

3

*Sheriff's Dept.*, 06-1179 (La.App. 3 Cir. 2/7/07), 951 So.2d 496. The trial court expressly found that this suit abandoned before the effective date of the amendment to Article 561. We agree and find that the 2007 amendment to Article 561 is not applicable to Morgan's case. At the earliest, Morgan's case abandoned by operation of law on March 31, 2006. The trial court indicated that the matter may have abandoned, at the latest, on December 18, 2006, three years after the transfer order was signed. In either case, the matter had abandoned before the amendment was effective. We note that neither the letter from Morgan nor the motion and order to enroll filed by his new counsel constituted steps in the prosecution. *See Stemley v. Foti*, 40,379 (La.App. 2 Cir. 10/26/05), 914 So.2d 642, *writ denied*, 06-224 (La. 4/24/06), 926 So.2d 551, and *Bertrand v. State ex rel. Dept. of Transp. and Dev.*, 02-1163 (La.App. 3 Cir. 2/5/03), 838 So.2d 136, *writ denied*, 03-634 (La. 5/2/03), 842 So.2d 1105. The amendment expressly states that it applies to matters which have not "previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph." "Only those prescriptive periods that were running could be affected by the change." *Lambert v. Roussel*, 07-1109, p. 9 (La.App. 1 Cir. 5/2/08), 991 So.2d 8, 13, *writ denied*, 08-1193 (La. 9/19/08), ___ So.2d ___[1]. The amendment cannot serve to revive an already prescribed claim.

### DECREE

For the foregoing reasons, the judgment dismissing Plaintiff's suit is affirmed. All costs of this appeal are assessed against Plaintiff-Appellant, Troy Morgan.

**AFFIRMED.**

---

[1] 2008 WL 4610430.