ON REMAND FROM THE SUPREME COURT
PICKETT, Judge.
| pulmosan Safety Equipment Company (Pulmosan) seeks supervisory writs from the judgment of the trial court which denied Pulmosan’s motion to dismiss on the grounds of abandonment.

STATEMENT OF THE CASE

Eight plaintiffs filed suit alleging that they sustained injuries as a result of having been exposed to asbestos and silica while working at SBA Shipyard, Inc. Pul-mosan was named as one of the numerous defendants. Several supplemental and amending petitions were filed, including the Sixth Supplemental and Amending Petition wherein Mississippi Valley Silica Company, Inc. (Mississippi Valley), was added as a defendant on December 4, 2002. On March 28, 2008, Mississippi Valley filed its answer to the suit. No further action was taken in this case until December 4, 2006, when Plaintiff propounded discovery to one of the defendants, U.S. Silica of Louisiana, Inc. (U.S. Silica).
*958 Before Pulmosan was served as a party-in this case, its co-defendants, U.S. Silica and Mississippi Valley, filed motions to have plaintiffs’ case dismissed for abandonment. After the trial court denied these motions, Pulmosan became involved in the lawsuit and also moved to have the plaintiffs’ claims dismissed for abandonment. The trial court denied the motion, and Pulmosan sought review of that ruling. This court denied the application for supervisory writs in an unpublished writ disposition on June 2, 2009. On July 9, 2009, the supreme court remanded the case to this court for an en banc hearing. In its remand, the supreme court instructed this court to “address the apparent internal conflict in the circuit concerning whether Act 361 of 2007, which amended La. Code Civ.P. art. 561, can be applied retroactively.”

¡.DISCUSSION

The abandonment of a civil action is governed by La.Code Civ.P. art. 561, which provides in pertinent part:
A.(l)An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
[[Image here]]
(2)If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subpara-graph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
[[Image here]]
(3)This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
[[Image here]]
(6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.
Act 361 of 2007 added the language in subsections A(2) and A(6) to the code article regarding the extension of the time period before an action is deemed abandoned and the sunset date of that language. The amendment became effective on July 9, 2007. The question presented to this court is whether that language should be given retroactive effect to those cases in which the three-year period had not run |son August 26, 2005, but had tolled before the July 9, 2007 effective date of the amendment.
This court has addressed this question twice. In Duplechian v. SBA Network Services, Inc., an unpublished opinion bearing docket number 07-1554, 2008 WL 2545280 (La.App. 3 Cir. 5/7/2008)(Saunders, J., writing; Genovese, J., concurs in the result; Sullivan, J., concurs with written reasons.), this court found that Act 361 was procedural in nature and should be given retroactive effect. In Duplechian, the last step taken in the prosecution of the case was a deposition of the plaintiff on March 2, 2004. On May 1, 2007, the de *959 fendant filed a motion to dismiss the suit as abandoned. The trial court granted the motion and signed a judgment dismissing the suit with prejudice as abandoned on May 7, 2007. The plaintiff filed a motion to set aside the judgment on June 4, 2007, and the trial court signed a judgment dismissing the plaintiffs suit without prejudice on August 13, 2007. In his written concurrence, Judge Sullivan explained that he would not reach the issue of retroactivity:
I concur in the result. However, my review of the facts of this case indicate that the amendment to La.Code Civ.P. art. 561 became effective on July 9, 2007, before the hearing to set aside the dismissal on July 16, 2007, the reasons for judgment signed on July 18, 2007, and the formal judgment of dismissal signed on August 13, 2007. Accordingly, I submit that the article, as amended, was applicable to this ease and that the issue of retroactivity need not be addressed.
In Morgan v. Louisiana Department of Public Safety and Corrections, 08-750 (La.App. 3 Cir. 12/10/08), 24 So.3d 208, rehearing granted and additional briefing ordered by the court on 2/⅛/09 (Painter, J., writing for a unanimous panel including Saunders and Ezell, JJ.), this court found that Act 361 was substantive and therefore could not be given retroactive effect. In Morgan, this court found that the last step in the prosecution of the case was on either March 31, 2003, when the plaintiff filed |4an amending petition, or December 18, 2003, when the court issued a judgment transferring the case to another venue. Thus, the court found that at the latest, the suit was abandoned on December 18, 2006. On November 13, 2007, the defendants filed a motion for dismissal on the ground of abandonment, which the trial court granted. The opinion notes that abandonment is a species of prescription, and the abandonment period is self-executing. As such, the amendment to La.Code Civ.P. art. 561 did nothing to revive suits that had already been abandoned on July 7, 2007.
We find that these cases do provide conflicting answers to the question presented to us in this writ application.
The plaintiff, Henry Wise, has filed an opposition to the instant writ application arguing that the trial court properly denied Pulmosan’s motion to dismiss for abandonment. Wise points out that the July 9, 2007 amendment to La.Code Civ.P. art. 561 extends the abandonment period from three to five years for those cases in which a plaintiff can prove that his failure to take steps in the prosecution of his claim was caused by Hurricane Katrina or Hurricane Rita. Because at the time when Wise propounded discovery to U.S. Silica on December 4, 2006, more than three years had passed since an answer was filed by Mississippi Valley on March 28, 2003, it appeared that the plaintiffs claim was abandoned pursuant to the three-year abandonment period set forth in La.Code Civ.P. art. 561(A)(1). However, Wise asserts that the five-year abandonment period set forth in La.Code Civ.P. art. 561(A)(2) is applicable to this case. In that regard, the plaintiff has presented evidence in the form of affidavits and live testimony demonstrating how Hurricane Katrina has had a negative impact on the usual operations of the law firm representing Wise. After having considered this evidence, the trial court concluded that the | ^hardship experienced by the firm and its employees was the exact type of situation which the legislature had envisioned when it amended Article 561. As such, the trial court found that the five-year abandonment provision applies to this case.
In its writ application, Pulmosan asserts that the trial court erred in retroactively *960 applying the five-year abandonment period provided for in the 2007 amendment to La.Code Civ.P. art. 561(A)(2). Pulmosan points out that La.Civ.Code art. 6 permits retroactive application of a law if it is procedural or interpretive in nature, rather than substantive. However, Pulmosan maintains that even procedural or interpretive rights may not be retroactively applied if they effect a substantive change in the law or disturb vested rights. Pulmosan cites Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p. 7 (La.12/8/94), 646 So.2d 905, 912 (citation omitted), for the proposition that “no law can be applied retroactively so as to divest a party of a vested right.” In the instant case, Pulmo-san contends that Wise’s failure to take a step in the prosecution of his case for more than three years created a vested right for Pulmosan to have Wise’s claim dismissed for abandonment, because pursuant to La. Code Civ.P. art. 561(A)(3), abandonment occurs by operation of law. According to Pulmosan, because this vested right was acquired March 28, 2006, prior to the July 9, 2007 effective date for the amendment to the abandonment statute, the amendment cannot be retroactively applied to revive Plaintiffs claim. In support of this position, Pulmosan cites Morgan, 24 So.3d 208.
In response to Wise’s assertion that the wording of La.Code Civ.P. art. 561(B) manifests the legislature’s intent to provide a five-year abandonment period for cases that had not been abandoned as of August 26, 2005, Pulmosan argues that the legislature did not have the power to violate Pulmosan’s constitutional due process | firights by retroactively applying the amendment and depriving Pulmosan of its already vested right of repose. Citing Clark v. State Farm Mutual Automobile Insurance Co., 00-3010 (La.5/15/01), 785 So.2d 779, Pulmosan contends that the right of repose flowing from abandonment is the same as that of prescription. According to Pulmosan, not only did the legislature lack the authority to divest Pulmo-san of its substantive right of repose, but the legislature also did not expressly state that it intended to include already abandoned acts in the amendment.
While Pulmosan relies on this court’s decision in the Morgan case to support its argument that the plaintiffs claim was abandoned prior to the effective date of the amendment to La.Code Civ.P. art. 561, Wise relies on this court’s unpublished decision in Duplechian. In Duplechian, this court found that the only reasonable interpretation of La.Code Civ.P. art. 561(B) is that the legislature intended to extend the abandonment period to five years for cases which were filed before but not abandoned by August 26, 2005. This court noted that the abandonment statute is to be liberally construed in favor of maintaining the suit, and it found that the amendment to Article 561 should be retroactively applied because it is a procedural rule. The case was remanded to the trial court for an evidentiary hearing on the issue of whether Hurricane Rita affected the plaintiffs ability to take a step in the prosecution of her claim. Because the Duplechian case focused on the facts supporting an abandonment dismissal, Pulmosan herein asserts that that case is distinguishable from the instant case. Also, Pulmosan points out that the issue of vested rights was not raised and addressed by this court in Du-plechian.
However, Wise contends that the court in Duplechian correctly interpreted the amendment to La.Code Civ.P. art. 561, and correctly found that the amendment | ^should be applied retroactively. Additionally, Wise contends that the law of the case doctrine precludes Pulmosan from raising its vested rights argument. In that regard, the plaintiff points out that *961 before Pulmosan was served as a defendant, his co-defendants had filed motions to dismiss which were denied by the trial court. According to Plaintiff, when Pul-mosan joined the lawsuit and put forth its own motion to have the case dismissed for abandonment, this amounted to a “do-over” in violation of the law of the case doctrine and of the laws of solidarity.
For those plaintiffs prevented from taking steps in the prosecution of their claims due to the effect of Hurricanes Rita and Katrina, La.Code Civ.P. art. 561(B) extends that abandonment period from three to five years for “an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned.... ” What is at issue in the instant case is whether the phrase “which has not previously been abandoned” refers to cases which were not abandoned before August 26, 2005, or to cases which were not abandoned before the amendment became effective on July 9, 2007. In the instant case, under the original abandonment rule, Wise’s claim would have been considered abandoned for failure to take a step in the prosecution of his claim for more than three years by March 28, 2006. As such, the claim would have been abandoned before the 2007 effective date of the amendment to Article 561, but not before August 26, 2005. In the Du-plechian case, this court determined that the extended abandonment period applied to cases which had not been abandoned before August 26, 2005. However, in the Morgan case, the court determined that the extended abandonment period could only apply to those cases which had not abandoned before the amendment to Article 561 took effect on July 9, 2007.
|sThe Louisiana Supreme Court has held that when the legislature intends for a new law to be applied retroactively to revive an already prescribed claim, the legislature should give “at the very least, a clear and unequivocal expression of intent by the legislature for such an ‘extreme exercise of legislative power.’ ” Chance v. American Honda Motor Co., Inc., 93-2582, p. 2 (La.4/11/94), 635 So.2d 177,178. Pulmosan in the instant case accurately points out that the rights associated with abandonment are similar to those associated with prescription. As such, there is merit to Pulmosan’s argument that there are constitutional problems with retroactively taking away a defendant’s right to have a case dismissed for abandonment once he has acquired that right. Also, the statute does not expressly state any legislative intent to revive claims which were abandoned between August 26, 2005, and the amendment’s 2007 effective date.
For these reasons, we find that the trial court erred in denying Pulmosan’s motion to dismiss the plaintiffs claims for abandonment. Accordingly, we hereby reverse and set aside the trial court’s ruling denying Pulmosan’s motion to dismiss and render judgment in favor of Pulmosan, dismissing all claims against Pulmosan with prejudice at the plaintiffs’ cost. The writ application is therefore granted and made peremptory.
WRIT GRANTED AND MADE PEREMPTORY.
COOKS, J., dissents and assigns written reasons.
SAUNDERS, J., dissents and assigns written reasons.
GREMILLION, J., dissents and assigns written reasons.