## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-750

TROY MORGAN

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
ET AL.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, C-2005-0574
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

**********

ON REHEARING

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter,
Judges.

**AFFIRMED.**

C. Kerry Anderson
Anderson & Anderson
P.O. Box 1025
DeRidder, LA 70634-1025
(337) 463-2100
Counsel for Plaintiff-Appellant:
    Troy Morgan

George O. Luce, Special Assistant Attorney General
Oats & Hudson
343 Third Street, Suite 550
Baton Rouge, LA 70801
(225) 383-9993
Counsel for Defendant-Appellee:
    State of Louisiana through the Department of
    Public Safety and Corrections, et al.

**PAINTER, Judge.**

Plaintiff, Troy Morgan, appealed the dismissal of his suit against Defendants, the State of Louisiana through the Department of Public Safety and Corrections, on the ground of abandonment. We originally affirmed the dismissal; however, we granted Morgan's application for rehearing based on this court's opinion in *Duplechian v. SBA Network Services, Inc.*, an unpublished opinion bearing docket number 07-1554 (La.App. 3 Cir. 5/7/08). Most recently, this court issued its *en banc* opinion in *Henry v. SBA Shipyard, Inc.*, 09-426 (La.App. 3 Cir. 11/ /09), ___ So.3d ___, and in accordance with that opinion, we affirm our original decision and affirm the trial court's dismissal of Morgan's suit.

## FACTUAL AND PROCEDURAL BACKGROUND

In our prior opinion in this matter, *Morgan v. La. Dept. of Public Safety and Corrections*, 08-750, p. 1 (La.App. 3 Cir. 12/10/08), ___ So.2d ___, ___, we set forth the statement of facts as follows:

> On February 16, 2000, Troy Morgan, an inmate at Phelps Correctional Center in DeQuincy, Louisiana, filed suit against the State of Louisiana through the Department of Public Safety and Corrections, Phelps Corrections Center, Warden Jim Rogers, Dr. Clarence Snyder, and Richard Stalder as the Secretary of the Department of Public Safety and Corrections in the Nineteenth Judicial District Court. The suit alleged that he broke his arm in a fall from a stepladder while on work detail on December 7, 1999, and was treated at Moss Regional Hospital but that Defendants failed to provide him with his prescribed pain medication and did not allow him to return to the hospital for necessary treatment. On March 17, 2000, Rogers, Snyder, and Stalder filed an answer and request for written notice. On April 3, 2000, Morgan filed a motion for leave to file an amending and supplemental petition. The order granting leave was signed April 4, 2000, and the amending and supplemental petition was filed. On March 31, 2003, Morgan filed a second amending and supplemental petition requesting that his suit be transferred from the Nineteenth Judicial District Court to the Thirty-Sixth Judicial Court under La.R.S. 15:1181, et seq., the Prison Litigation Reform Act of 1997. On November 10, 2003, Morgan's request for transfer was granted by the Nineteenth Judicial District Court. On December 18, 2003, a judgment issued ordering the clerk of the Nineteenth Judicial Court to transfer the matter to the Thirty-Sixth Judicial District Court. Nothing else appears of record until September 21, 2006, when Morgan sent a letter dated August 12, 2006, to the clerk of the Thirty-Sixth Judicial District Court. This letter indicated that he was attempting to retain new counsel since his previous counsel had informed him that he would no longer be able to represent him. Morgan's letter also attached a letter written July 31, 2006, by Morgan's attorney, indicating that his office had been destroyed by Hurricane Katrina and that because of the resulting financial difficulties, he could no longer represent Morgan. Morgan obtained new counsel, and, on

1

July 17, 2007, his new counsel formally enrolled. On October 16, 2007, his new counsel propounded interrogatories and a request for production of documents to Snyder. On November 13, 2007, Defendants filed an ex parte motion for dismissal on the ground of abandonment. Judgment dismissing Morgan's suit was signed November 13, 2007. Morgan filed a motion to set aside the dismissal on December 20, 2007. Judgment denying that motion was signed April 2, 2008. This appeal followed.

We affirmed the trial court's dismissal of Morgan's suit, and Morgan filed an application for rehearing with this court, which we granted. During the pendency of this matter, on July 9, 2009, the Louisiana Supreme Court remanded the *Henry* case to this court with instructions to "address the apparent internal conflict in the circuit concerning whether Act 361 of 2007, which amended La.Code Civ.P. art. 561, can be applied retroactively." Now, based on the majority opinion from this court in *Henry*, we affirm our original decision in this matter and dismiss Morgan's claim as abandoned.

### DISCUSSION

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, as follows:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .
>
> (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. . . .
>
> . . . .
>
> (6) The provisions of Subparagraph (2) of this Paragraph shall become null and void on August 26, 2010.

The amendment that provided those portions of Article 561 concerning Hurricanes Katrina and Rita became effective July 9, 2007. The issue before us is whether this amendment applies to this case. Morgan contends that since Article 561 is procedural in nature, it should be applied retroactively. Defendants contend that

2

the 2007 amendment cannot revive Morgan's claim because it was already abandoned before the legislature acted.

It is important to note that the abandonment provision is self-executing such that it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. La.Code Civ.P. art. 561; *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. Furthermore, abandonment is a species of prescription. *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179 (La.App. 3 Cir. 2/7/07), 951 So.2d 496. The trial court expressly found that this suit abandoned before the effective date of the amendment to Article 561. Our original opinion in this case agreed with the trial court and found that the 2007 amendment to Article 561 was not applicable to Morgan's case. We specifically held that the extended abandonment period could only apply to those cases which had not abandoned before the amendment to Article 561 took effect on July 9, 2007. However, in *Duplechian v. SBA Network Services, Inc.*, an unpublished opinion bearing docket number 07-1554, pp. 3-4 (La.App. 3 Cir. 5/7/08), we stated: "if La.Code Civ.P. art. 561 is retroactive and Duplechian can prove that Hurricane Rita directly caused her failure to take a step in the prosecution of her case, the trial court incorrectly applied the three year abandonment period in Paragraph A(2)." We also noted that:

> [t]he test of amended La.Code Civ.P. art. 561 Paragraph A(2) now states that the five-year abandonment period applies to 'an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph . . . .'"

*Id.* at p. 4.

This court's holding in *Duplechian* was that "Article 561 is clearly procedural and, thus, would apply retroactively as dictated by La.Civ.Code art. 6." This split in the circuit has now been corrected by the majority opinion of this court sitting *en banc* in *Henry*:

> As such, there is merit to Pulmosan's argument that there are constitutional problems with retroactively taking away a defendant's right to have a case dismissed for abandonment once he has acquired that right. Also, the statute does not expressly state any legislative intent

to revive claims which were abandoned between August 26, 2005, and the amendment's 2007 effective date.

*Henry*, ___ So.3d at ___.

Therefore, we now reiterate from our original opinion in this case:

The amendment expressly states that it applies to matters which have not "previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph." "Only those prescriptive periods that were running could be affected by the change." *Lambert v. Roussel*, 07-1109, p. 9 (La.App. 1 Cir. 5/2/08), 991 So.2d 8, 13, *writ denied*, 08-1193 (La. 9/19/08), ___ So.2d ___[1]. The amendment cannot serve to revive an already prescribed claim.

*Morgan*, ___ So.3d at ___.

### DECREE

For the foregoing reasons, the trial court's judgment dismissing Morgan's suit as abandoned is affirmed. All costs of this appeal are assessed against Plaintiff-Appellant, Troy Morgan. We, further, decline to award attorney's fees to Morgan as prayed for on rehearing.

**AFFIRMED.**

---

[1] 2008 WL 4610430.